```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

TAMARA JONES,                      }
                                   }
     Plaintiff,                    }
                                   }       CIVIL ACTION NO.
v.                                 }       04-AR-2413-S
                                   }
AMERICAN FAMILY CARE, INC.,        }
                                   }
     Defendant.                    }
```

## MEMORANDUM OPINION

Defendant, American Family Care, Inc. ("AFC") moves for summary judgment of the claims brought under 42 U.S.C. § 1981 by plaintiff, Tamara Jones ("Jones"). The case was originally filed as a single action with ten plaintiffs. The cases were severed and were given separate case numbers after being re-filed. Jones has failed to respond to AFC"s motion for summary judgment. Because no issues of material fact exist, AFC's motion is due to be granted.

## Facts

Jones was hired by AFC in May 2002, as a "multi-tech" at its Greensprings facility. AFC is a supplier of medical services to patients. Jones was paid $10.50 an hour. She quit her job in April, 2003, citing the neglect and disrepair of the Greensprings AFC location as the reasons for her quitting. Jones is an African-American female.

Jones claims that the Greensprings facility was messy and

1

that much of the equipment was out of date. The only other AFC location about which Jones has any knowledge is the Hoover location. She claims it is much nicer. However, she only went there as a patient, and never went outside of the patient areas or into an employees' area there. She specifically said at her deposition that she did not believe that the Greensprings facility would have been better maintained if more white workers has worked there.

   Jones claims that some racially offensive remarks were made at the Greensprings facility. Jones complains that the facility was referred to as the "ghetto clinic" on two occasions. Once a medical assistant named "Trish" said that the employees (Jones included) needed "to clean up these boxes. This clinic is ghetto." On another occasion, an employee at the Hoover location told Jones, over the phone, "you know they call you the ghetto clinic." Jones believes that Marilyn was simply repeating what someone else had said. Jones also complains that on a different occasion, Larry, the "maintenance man" supposedly said that he was painting the clinic "confederate blue" and was making it into a "rebel clinic." These were the only allegedly racially offensive comments Jones heard while working for AFC. Jones never complained to anyone at AFC about any of the comments she described.

   Beth Jordan ("Jordan") was also an employee at AFC. Jordan

was also hired as a "multi-tech" at AFC, in July 2001. Jordan's initial rate of pay was $11.00. Jordan worked at AFC for more than a full year and received a .25 per hour raise in 2002. Starting pay was set by the clinic manager, Marvin Turner, an African-American. He set the starting pay of both Jordan and Jones. Jordan and Jones both had some college, but unlike Jones, Jordan had a nursing degree. Jordan was previously employed at a rate of $11.00 an hour. She specified that $11.00 was the minimum amount she would accept for the job. Jones set no minimum when she was interviewed for employment.

## Analysis

Jones argues three different theories of recovery under 42 U.S.C. § 1981. First, she claims that she was subjected to a racially hostile work environment. Second, she claims that she was not paid equally with a similarly situated white employee. Third, she claims that she was subjected to racially discriminatory "facilities" by AFC. Based on the undisputed, uncontradicted record, summary judgment is appropriate on each of these claims.

Jones complains that the remarks made to her about her clinic constituted a racially hostile work environment. In determining whether alleged remarks or comments constitute a hostile work environment, the comments must be both subjectively and objectively offense. To prove that comments were objectively

offense enough to be actionable, the plaintiff must show that the conduct or the remarks were "severe and pervasive." *See, e.g.*, *Harris v. Forklift Systems*, 510 U.S. 17 (1995).

Jones does not show that the alleged comments in this case were severe or pervasive. The comments were not made on a regular basis, but rather were stray comments (3 in 10 months). None of the comments were physically threatening in any way. In fact, none of the comments were specifically about race, and could only be racially offensive to the extent a person of extraordinary sensitivity wanted to give them that interpretation.[1] Without more, it is impossible for the court to find that these three comments make up a hostile work environment.

Further, Jones admits that she never reported any of the comments to her supervisors, or to any other person in position to do anything about it. All of the comments were made by co-employees, and not by supervisors. Without evidence of complaints to supervisors, or some other proof that the company was aware of the hostile work environment, Jones fails to provide a basis upon which to hold AFC liable for the comments of her fellow employees. *See, e.g.*, *Farley v. American Cast Iron Pipe Co.,* 115

---

[1] For instance, the two "ghetto" comments actually have nothing to do with race. White employees worked at the "ghetto" clinic, as well. The comment related to cleaning up the boxes because they looked "ghetto" strongly implied that the boxes made the clinic look messy like a ghetto, and not anything about the race of the employees there. It is hard, on the factual record before it, for the court to conclude that these comments could be *objectively* hostile. While Jones herself may have been offended, based on the factual record, that was not an objectively reasonable offense.

F.3d 1548 (11th Cir. 1997); *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900, 904 (11th Cir. 1988). Jones acknowledges receiving a copy of the AFC policies and procedures prohibiting harassment in the workplace. She failed to complain to any supervisor at AFC. There is no reason to believe that AFC should have been aware of an alleged hostile work environment. Therefore, there is no question of fact which could allow Jones to hold AFC liable for the actions of its employees in this circumstance. Judgment as a matter of law is appropriate on Jones hostile work environment claim.

   Jones also claims that her pay at AFC was less than that of a similarly situated white employee. Jones made $10.50 an hour while working at AFC. Jordan, a white employee, in the same job started at $11.00. There are differences between Jordan and Jones, though, that makes their wages an inexact comparison. Unlike Jones, Jordan had a nursing degree. Further, Jordan had received $11.00 an hour at her old job, and refused to take less than that. Jones made no such request. Therefore, whether the court views these differences as a lack of similar situation and therefore a failure to make out a *prima facie* case, or a legitimate non-discriminatory reason proffered by AFC, based on the undisputed factual record, summary judgment of Jones' pay discrimination claim is appropriate. No issue of material fact exists as to AFC's alleged reasons for paying Jordan $.50 more an

hour than Jones.

Finally, Jones claims that she was subjected racially discriminatory facilities at the Greensprings AFC location. Jones has listed a number of problems with the Greensprings facility. However, she has provided no evidence that the Hoover location was actually nicer than the Greensprings location. Her actual knowledge of the Hoover location is extremely limited, and no other evidence has been put into the record. Regardless of any alleged difference between the facilities, Jones specifically said that she did not think that the Greensprings facility was made/left in an inadequate condition because the staff was predominantly black. If the staff had been predominantly white she believes it still would have remained in inadequate condition. In other words, Jones is purporting to make a vicarious claim on behalf of AFC's black patients at the Greensprings clinic. She has no standing make such a claim if one exists. Thus even if the condition of the Greensprings location was inferior to that of Hoover, Jones has provided no evidence that such a difference was "because of her race." Without some evidence on the record on that count, Jones cannot make out a *prima facie* case under 42 U.S.C. § 1981. No issues of material existing, summary judgment is appropriate on Jones' claim of racially discriminatory facilities is appropriate.

## **Conclusion**

The factual record being undisputed, summary judgment of all claims by Jones against AFC will be granted by separate order.

DONE this ____1st___ day of August, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE